(88 South. 217)

**DOWLING, Health Officer, v. HARDEN.**
(6 Div. 821.)

(Court of Appeals of Alabama. Jan. 11, 1921. Rehearing Denied Feb. 15, 1921.)

**1. Health ☞24—Persons afflicted with communicable disease may be segregated.**

To prevent the spread of contagion and infection, the Legislature can, under its police power, establish quarantine and authorize governmental agencies to enforce all reasonable ordinances necessary to attain the desired results, including the segregation or isolation from the public, either in their homes or hospitals or camps prepared for that purpose, of persons afflicted with contagious or infectious diseases.

**2. Health ☞24—Quarantined persons cannot be confined in jails.**

Under Acts 1919, p. 936, § 17, subd. 15, and Act Oct. 12, 1903, authorizing the isolation of persons having communicable disease in hospitals, and Acts 1919, p. 936, § 17, subd. 16, establishing a hospital for the isolation of prisoners so afflicted, persons having a contagious disease can only be quarantined in a hospital and cannot be confined in jail, especially where they had given bond for their ap-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 17 Ala. App. 379.     [2] 17 Ala. App. 246.

pearance to answer the criminal charge filed against them.

**3. Habeas corpus ☞113(12) — Confinement of quarantined person presumed to have been in proper place.**

Where the agreed statement of facts on appeal from discharge on habeas corpus did not show where the health officer had confined petitioner who was affected with a contagious disease, it will be presumed she was detained in one of the places provided by law, and not that she was confined in jail.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Habeas corpus proceedings by Gladis Harden to secure her discharge from quarantine, in which she was detained by Dr. J. D. Dowling, health officer. From an order discharging the petitioner the City of Birmingham appeals. Reversed and remanded.

Fred G. Moore and George L. Bailes, both of Birmingham, for appellant.

It was within the authority and was the duty of the health officer to hold the petitioner in quarantine. Sections 12 and 15, Acts 1919, p. 935; Terry's Local Laws, 559; 103 Wash. 409, 174 Pac. 976; 117 Pac. 1101; 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466. Petitioner was not entitled to discharge from detention. 257 Ill. 317, 100 N. E. 917; 220 N. Y. 493, 116 N. E. 356, L. R. A. 1918E, 432; 40 N. Y. 273; 113 U. S. 31, 5 Sup. Ct. 357, 28 L. Ed. 923; 38 Wash. 432, 80 Pac. 554; 36 Wash. 377, 78 Pac. 899, 2 Ann. Cas. 149; 105 Kan. 574, 185 Pac. 14.

Thomas Dozier, of Birmingham, for appellee.

The recorder cannot order a person into the custody of the health officer. Ante, p. 307, 84 South. 783; 202 Ala. 68, 79 South. 462; 98 Ala. 61, 13 South. 325. Before she can be detained, there must be due process of law. 12 Ala. App. 309, 68 South. 492; 151 Ala. 469, 44 South. 388, 125 Am. St. Rep. 31; 34 Ala. 216. Vagrancy is a misdemeanor, and bailable as such. 34 Ala. 270; 95 Ala. 110, 10 South. 224; 100 Ala. 114, 14 South. 648; 65 South. 857.

SAMFORD, J. [1] The right of the Legislature, under the police power to establish quarantine, to prevent the spread of contagion and infection, is too well established by adjudication and grounded in common sense to be questioned or doubted, and governmental agencies, when authorized, may enact and enforce all reasonable ordinances necessary to attain the desired results. To that end persons affected or reasonably suspected of being affected with diseases known to be infectious or contagious may be segregated, or isolated from the public, either in their homes, or in hospitals or camps prepared for that purpose, until such time as that they will cease to be a menace to the public, and prisoners under legal charges of crime may be, when so affected, segregated from their fellows. When so quarantined, they are subject to such reasonable examination as is necessary to satisfy the health authorities that their release will not endanger the public.

[2] But persons affected with disease are not for that reason criminals, and jails and penitentiaries are not made or designated for their detention. Section 17, subd. 15, of the Act of the Legislature, Acts 1919, p. 936, as adopted, authorizes quarantine or isolation, but not imprisonment, and the act of the Legislature approved October 12, 1903, Terry's Local Law of Jefferson County, p. 559, provides for detention in a hospital established for that purpose, and even when parties are in prison, charged with crime, the provision, by section 17, subd. 16, of the Act of 1919, p. 936, is for the establishment of a hospital or clinic, that parties so infected might be treated.

This petitioner was arrested on a charge of vagrancy. She made bond for her appearance and the case was continued. She is presumed to be innocent of the criminal charge against her, and having made bond the court was not authorized to order her further imprisonment.

[3] The health officer, under the facts, was authorized to consider petitioner within the class of those reasonably suspected of being sources of infection, as provided by section 17, subd. 15, of the Acts 1919, p. 936, and to be dealt with as provided by that section of the act and the act of 1903, supra. But neither the one or the other authorized the health officer to confine or order petitioner's confinement in jail. Such confinement would be illegal. But, under the agreed statement of facts, which must govern here, petitioner "was detained by Dr. J. D. Dowling, as health officer of the city of Birmingham and county of Jefferson, as being reasonably suspected," etc. It nowhere appears that the health officer confined petitioner in jail. Nothing to the contrary appearing, we must presume that she was being detained in one of the places provided by law. If such is not the case, the judge before whom the case was heard can make the proper order.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes