18 So.2d 723

**STATE v. HUTCHINSON.**

4 Div. 339.

Supreme Court of Alabama.

June 29, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, and John O. Harris, Asst. Attys. Gen., for the State.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellee.

LIVINGSTON, Justice.

Appeal by the State of Alabama from an order or judgment of the Probate Judge

of Houston County, Alabama, granting the writ of habeas corpus, and directing B. G. Farmer, as sheriff of Houston County, to immediately release Henry Hutchinson from his custody.

The petition for the writ of habeas corpus was presented to the probate judge on the following agreed statement of facts:

"(1) That petitioner was arrested by the sheriff of Houston County, Alabama, on January 7, 1944, and confined in the jail of Houston County, Alabama, under a valid warrant issued out of the County Court of Houston County, Alabama, charging him with vagrancy; that by order of the judge of said court endorsed on said warrant, the appearance bond of petitioner was fixed at the sum of three hundred dollars ($300.00); that on the same date, but before an appearance bond was presented to said sheriff for approval by petitioner the said sheriff received from Dr. Wyatt T. Burkett, County Health Officer in and for Houston County, Alabama, an order of detention, a copy of which is attached to the petition for writ of habeas corpus in this case, marked Exhibit A; that after receiving said order of detention and on said 7th day of January, 1944, petitioner presented to said sheriff of Houston County, Alabama, for approval his appearance bond in said case in said County Court, wherein petitioner was charged with vagrancy, in the sum of three hundred dollars ($300.00) with E. G. Collins and A. W. Gwaltney as his sureties and said bond was taken and approved by said sheriff on said 7th day of January, 1944; and that after said appearance bond had been taken and approved by said sheriff, said sheriff refused to release petitioner from his custody but detained him, because, and only because, of the said order of detention issued by the said Dr. Wyatt T. Burkett, County Health officer in and for Houston County, Alabama, the said sheriff having been advised to detain petitioner in said county jail of Houston County, Alabama, until he was ordered released by the said County Health Officer of Houston County, Alabama, and the said County Health Officer has not to the present time ordered his release but on the contrary has ordered said sheriff to detain petitioner under said order of detention aforesaid.

"(2) That as soon as said detention order had been issued by the said County Health Officer of Houston County, Alabama, said County Health Officer promptly proceeded to examine petitioner for

venereal diseases, taking specimens of his blood and doing such other things as were necessary to complete an examination of petitioner for said diseases; that there is no laboratory in said county jail of Houston County, Alabama, and no facilities in said jail for the examination of prisoners; that the Houston County Health Office is located in the city of Dothan about three city blocks from said jail; that said health office is not open for business on Sundays and holidays and on other days only between the hours of eight AM and four PM; that after said examination was made by said County Health Officer as aforesaid, it was necessary for said County Health Officer to send certain specimens of petitioner's blood to Montgomery, Alabama, for examination by the State Department of Health to determine whether or not petitioner was infected with a certain venereal disease, it having no facilities in the city of Dothan with which to conduct said examination, and as soon as said examination in said jail had been completed, said specimens were promptly forwarded to said State Health Department at Montgomery, Alabama, for examination and the results of said examination have not yet been obtained from said State Department of Health and therefore it cannot be said whether or not petitioner is infected with a venereal disease; and that since said specimens were received by said State Health Department in Montgomery, Alabama, a reasonable length of time has not elapsed within which to report the results of said examination.

"(3) That on said 7th day of January, 1944, and after said sheriff of Houston County, Alabama, had taken and approved petitioner's said appearance bond in the sum of three hundred dollars ($300.00), petitioner demanded of said sheriff that he release him from said jail and from his custody, but said sheriff did not do so because, and only because, of said order of detention hereinbefore mentioned; and that at said time of said demand, petitioner offered to make another appearance bond, with good and sufficient sureties, in any amount named by said sheriff, for his appearance at any time and place, in order that he might be released from jail and from the custody of said sheriff, but said sheriff refused to take or approve said appearance bond, stating as his reason therefor that he was holding petitioner under said order of detention hereinbefore mentioned and that there was no law in this State permitting petitioner to make bond in the circumstances here involved and that he must hold petitioner in custody and confine him to said jail until he was ordered released by said County Health Officer of Houston County, Alabama."

The State insists that in view of the provisions of sections 261, 264, 265, 271 and 275, Title 22, Code of 1940, the writ was improvidently granted, and the judgment should be here reversed. In granting the writ and ordering the release of petitioner the probate judge proceeded upon the theory, and held, that the foregoing statutes were violative of section 16 of the Constitution of Alabama of 1901, which reads as follows:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

In our opinion, the probate judge very properly ordered petitioner's discharge from custody, but grounded his order or judgment upon a misconception of the law and the agreed statement of facts.

That the Legislature may, under the police powers, establish quarantine to prevent the spread of contagious and infectious diseases, is too well established by adjudication and grounded in common sense to be longer questioned or doubted; and governmental agencies, when authorized, may enact and enforce all reasonable rules and regulations necessary to attain the desired results. To that end, persons affected, or reasonably suspected of being affected, with diseases known to be infectious or contagious may be segregated or isolated from the public, either in their homes, in hospitals, clinics, or camps prepared for that purpose, until such time as they will cease to be a menace to the public. Prisoners under legal charges of crime may be, when so affected, segregated from other prisoners. When so quarantined, they are subject to such reasonable examination as is necessary to satisfy the health authorities that their release will not endanger the public. But persons affected with disease are not for that reason criminals, and jails and penitentiaries are not made or designated for their detention. Dowling v. Harden, 18 Ala. App. 63, 88 So. 217.

In the case of Dowling v. Harden, supra, the petitioner was arrested on a charge of

vagrancy. The specific charge being that she was a prostitute. She made bond for her appearance, and the case was continued. She refused to submit to a physical examination, and upon such refusal she was detained in custody of the health officer of the city of Birmingham and the county of Jefferson, as being reasonably suspected of having a venereal disease. The Court of Appeals there said:

"The health officer, under the facts, was authorized to consider petitioner within the class of those reasonably suspected of being sources of infection, as provided by section 17, subd. 15, of the Acts of 1919, p. 936, and to be dealt with as provided by that section of the act and the act of 1903 supra (Terry's Local Law of Jefferson County p. 559). But neither the one or the other authorized the health officer to confine or order petitioner's confinement in jail. Such confinement would be illegal. But, under the agreed statement of facts, which must govern here, petitioner 'was detained by Dr. J. D. Dowling, as health officer of the city of Birmingham and county of Jefferson, as being reasonably suspected,' etc. It nowhere appears that the health officer confined petitioner in jail. Nothing to the contrary appearing, we must presume that she was being detained in one of the places provided by law. If such is not the case, the judge before whom the case was heard can make the proper order."

██ The petitioner in the instant case was arrested on a charge of vagrancy. In defining vagrants our statute lists thirteen different classes of persons as vagrants. At most only two or three of the classes named are persons of whom it can be said there is reasonable grounds to suspect that they are affected with a contagious or infectious disease. In other words, a charge of vagrancy alone is not enough upon which to rest a reasonable suspicion that the person arrested is affected with a contagious or infectious disease. See, section 437, Title 14, Code of 1940.

Section 265, supra, provides, in part: "All persons who have been confined or imprisoned in any state, county or city prison shall be examined for venereal disease, and, if found infected, shall be provided with proper treatment." And section 271, supra, in part, provides, "and whenever or wherever apprehended, prostitutes and other persons whom the county health officer has probable cause to believe infected with a venereal disease shall be examined for said infection by the health officer or his assistant." Section 264, supra, provides in part, "Whenever in the judgment of the county health officer such a course is necessary to protect the public health, persons infected with venereal disease shall be isolated or quarantined. But whenever a person or persons infected with venereal disease shall refuse to take and continue treatment, as provided in this section, such person or persons may be committed to the county or city jail on order of the county health officer or physician in charge of a venereal disease clinic, and kept there for treatment until no longer a source of danger to the public health."

Nowhere in our statutes is it provided that a person suspected of having a contagious or infectious disease may be confined in jail. It is not even provided that one so infected may be confined in jail, unless under section 264, supra, he shall refuse to take or continue treatment as provided in said section.

██ There is no provision of law permitting the making of bail in cases in which a person is detained under the laws providing for the protection of public health. Section 16 of the Constitution of Alabama of 1901 applies only in criminal cases. But, as stated above, persons affected with contagious or infectious diseases are not for that reason criminals.

██ The petitioner was entitled to his discharge, not because the statutes involved are violative of section 16 of the Constitution, supra, but because the statutes do not authorize his detention under the agreed statement of facts.

Affirmed.

GARDNER, C. J., and BROWN and STAKELY, JJ., concur.